## ARMSTRONG *v.* WALKER.

RENT. *Lien. Factor.* A factor who sells cotton for a tenant and appropriates the proceeds to a debt due him, by consent or direction of the tenant, and with knowledge that his debtor is a tenant, is not liable to the landlord who has a lien for rent upon the cotton. The factor is not a purchaser, but a seller, and is not liable to the landlord, under the statute, as a purchaser. The fact that the tenant paid him the proceeds, does not make him a purchaser of the crop as required by the statute to make him liable.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

W. B. GLISSON for Armstrong.

WALKER & METCALF for Walker.

FREEMAN, J., delivered the opinion of the court.

This case presents the question, whether the landlord, by virtue of his lien for rent on the crop growing on the rented land, can recover of the factor or commission merchant of the tenant, who sells the cotton for the tenant, and appropriates the proceeds to the payment of a debt due such factor, by consent or direction of the tenant—he having notice that his debtor is a tenant.

By the act of 1857–8, ch. 52, sec. 3; Code, sec. 3542, our law on this subject was amended as follows: "And the person entitled to the rent may recover from the purchaser of the crop, or any part of it, with notice of the lien, the value of the property, so that it does not exceed the amount of the rent and damages."

The facts show that Armstrong, or his firm, had received this cotton from the tenant and sold it for him. They cannot be held to be purchasers of the crop, for the simple reason, that they were the sellers instead, and sold to a third party—that third party is a a purchaser, and as such, if he had notice of the facts, would be liable under the statute.

It is only the case of a party selling property as an agent, on which, as between his principal and a third party, a lien was fixed. The fact that the tenant paid him the money on his debt, does not make

him the purchaser of the the crop, as required by the statute, in order to his liability.

We think it would be an arbitrary extension of the remedy given by the statute to construe such a party to be a purchaser, within its terms—such as ought not to be done. The circuit judge held otherwise, and his judgment must be reversed and judgment for defendant.